IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, #M04196 )<br>    Plaintiff,             )<br>                               )<br>vs.                            )<br>                               )      Case No. 21−cv−559−DWD<br>ANTHONY WILLS,         )<br>MENARD HEALTH CARE, )<br>WEXFORD MEDICAL, INC., )<br>JOHN BALDWIN, and     )<br>DR. SIDDIQUI,              )<br>                               )<br>    Defendants.          ) | |

# **MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Steven Murphy, an inmate currently incarcerated at Menard Correctional Center ("Menard"), has filed an action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights, centering around deliberate indifference to a serious health condition. (Doc. 1). He seeks monetary damages and injunctive relief. The case is before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A and on Plaintiff's second Motion for Injunction (Doc. 13).

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): In March 2019, Plaintiff was having significant stomach pain and noticed blood when he had a bowel movement. Defendant Dr. Siddqui saw Plaintiff and diagnosed him with hemorrhoids "without doing the proper tests." (*Id.*, p. 8). He was given antacid medication and dismissed. The pain and blood have persisted, and Plaintiff has put in for additional sick calls to request that Siddiqui send him to an outside specialist. Siddiqui has refused.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to characterize the *pro se* action into the following count:

**Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical need against Siddiqui and Wills.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

As an initial matter, Plaintiff's claims against Defendants Menard Health Care, Wexford, Baldwin and Wills (in his individual capacity) are DISMISSED without prejudice. In order to state a viable claim under Section 1983, Plaintiff must set forth facts

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

showing that each defendant was personally involved in the alleged deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). The doctrine of *respondeat superior* does not apply to actions filed under § 1983 and therefore, supervisors and employers cannot be held liable for the errors of their subordinates solely due to that position. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). "Menard Health Care" is not an individual or organization and therefore not a proper defendant. Plaintiff does not plead any facts regarding acts or policies of Wexford, Baldwin or Wills, and so states no claims against them.

**Count 1**

Plaintiff has adequately stated a claim against Siddiqui. Although the grievances and responses filed by Plaintiff as part of his Complaint (Doc. 1, pp. 10-33) suggest that Plaintiff did receive significant testing and imaging for these conditions between November 2018 and April 2021, the Court interprets his claim to be that Siddiqui persisted with the same testing and treatment knowing that it was inadequate and ineffective.

**Motion for Injunction**

Plaintiff's second Motion for Injunction (Doc. 13) alleges that his underlying stomach injury and severe bleeding remains untreated, or at least undertreated. To obtain preliminary injunctive relief under Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff must demonstrate that (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the relief. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014)

3

(*citing Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)).  A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).  Further, the Prison Litigation Reform Act ("PLRA") requires that any grant of preliminary injunctive relief or TRO "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs" and cannot issue "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(2).

Defendants Siddiqui and Wills will be ordered to respond to Plaintiff's Motion.

## Disposition

The Complaint survives preliminary screening under 28 U.S.C. §1915A as detailed above.  Plaintiff's claim against Menard Health Care, Wexford, Baldwin and Wills (in his individual capacity) are **DISMISSED** without prejudice.  However, Wills will remain a party to the case in his official capacity for purposes of enacting any injunctive relief that may be ordered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunction (Doc. 13) is **TAKEN UNDER ADVISEMENT**.  Defendants Siddiqui and Wills are **ORDERED** to file a response to Plaintiff's request for injunctive relief within 14 days of receipt of this Order.

**IT IS FURTHER ORDERED** the Clerk of Court shall prepare for **Siddiqui and Wills**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms,

a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.**

**IT IS ALSO ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court

will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 13, 2021**

_____
David W. Dugan
United States District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.