**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| STEVEN MURPHY, #M04196 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cv-00559-SMY |
| | ) | |
| ANTHONY WILLS, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Steven Murphy, an inmate of the Illinois Department of Corrections currently incarcerated at Menard Correctional Center ("Menard"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court on Plaintiff's Motion for a Preliminary Injunction. (Doc. 13).

## Background

Plaintiff makes the following allegations in the Complaint (Doc. 1): In March 2019, Plaintiff was having significant stomach pain and noticed blood when he had a bowel movement. Defendant Dr. Siddiqui saw Plaintiff and diagnosed him with hemorrhoids "without doing the proper tests." (*Id.*, p. 8). He was given antacid medication and dismissed. The pain and blood have persisted, and Plaintiff has put in for additional sick calls to request that Siddiqui send him to an outside specialist. Siddiqui has refused.

While the Compliant was pending review under 28 U.S.C. § 1915A, Plaintiff filed

a motion for preliminary injunction. (Doc. 13). In the motion filed on August 11, 2021, he alleges Siddiqui is not providing him with medical treatment for his stomach injury. He alleges he was given amoxicillin on one occasion and has received no other treatment. The relief he seeks is "medical treatment for [his] injury." (*Id.*, p. 2).

Following the § 1915A review of the Complaint, Plaintiff was allowed to proceed on the following claim:

> Count 1:    Eighth Amendment claim for deliberate indifference to a serious medical need against Siddiqui and Wills.

(Doc. 14). Additionally, Defendants were ordered to file a response to Plaintiff's motion for preliminary injunction. (*Id.*).

In response to the motion, Defendants submitted medical records that show ongoing treatment for abdominal pain and blood in the stool, including a referral for a GI evaluation approved in May 2021 that took place on July 13, 2021. (Doc. 27). Defendants also submitted a Declaration from the Menard Nursing Supervisor who testified that in August 2021 Menard staff scheduled Plaintiff for an EGD/colonoscopy and follow up GI appointment that was to take place in November 2021. (Doc. 27-3, p. 2).

Based on the Defendants' response, the Court issued an Order to Show Cause as to why Plaintiff's request for preliminary injunctive relief was not now moot. (Doc. 46). Plaintiff's response stated he had been scheduled to see a gastroenterologist but appointments in August and November 2021 had been cancelled without any explanation. (Docs. 49, 52). The matter was then scheduled for a hearing on December 21, 2021. (Doc. 55).

During the hearing, there was testimony that the EGD/colonoscopy recommended by an offsite GI specialist that was scheduled in November 2021 had been rescheduled for December 2021. After the hearing, Plaintiff was ordered to file a Notice to the Court advising the Court as to whether he has had an appointment with a medical provider outside of Menard Correctional Center at any time subsequent to the hearing. (Doc. 67). Plaintiff filed two responses indicating that he was sent out for an EGD/colonoscopy but the diagnostic tests were limited due to the fact that Menard staff did not advise him that he could not eat for 24 hours before the procedure. (Docs. 68, 69).

### Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted). Mandatory preliminary injunctions—those "requiring an affirmative act by the defendant"—are "ordinarily cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020).

A party seeking a preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). If the movant makes this threshold showing, the court proceeds to consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the "public interest." *Mays v. Dart*, 974 F.3d at 818. "The court weighs the balance of potential harms on a "sliding scale" against the movant's likelihood of success:

the more likely he is to win, the less the balance of harms must weigh in his favor; the less likely he is to win, the more it must weigh in his favor." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 662 (7th Cir. 2015).

<u>Discussion</u>

As an initial matter, the Court notes that Plaintiff's allegation in the motion for preliminary injunction that he was given amoxicillin on one occasion and has received no other treatment was inaccurate. The medical records include a referral for a GI evaluation approved on May 13, 2021 that took place on July 13, 2021. (Doc. 27-1, pp. 58, 63-68). The fact that Plaintiff was seen by a specialist to address his medical issue less than a month before he filed his motion alleging a denial of care undermines his credibility.

Further, the medical records show that Plaintiff has consistently received and continues to receive diagnostic testing and treatment. X-rays have been taken, medication has been provided, and he was seen by a gastroenterologist. Based on the recommendation of the gastroenterologist, he was approved and scheduled for an EGD/colonoscopy, which occurred in late December 2021. While the referral and scheduling of the EGD/colonoscopy may not have been speedy, and it appears there may have been a failure to communicate necessary instructions before the procedure, Plaintiff is not being denied care at this time. Moreover, there is no evidence that absent preliminary injunctive relief Plaintiff will suffer irreparable harm. If Plaintiff's medical condition rapidly deteriorates, or if he does not receive follow-up care based on the recommendations from the EGD/colonoscopy that occurred in December of 2021, he may

4

renew his request for injunctive relief at a later date.

For the reasons stated, Plaintiff's Motion for Preliminary Injunction (Doc. 13) is

**DENIED**.

**IT IS SO ORDERED.**

**DATED: February 4, 2022**

_____

**DAVID W. DUGAN**
**United States District Judge**