IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:21-cv-559-DWD |
| | ) |
| ANTHONY WILLS, Warden of Menard Correctional Center, and DR. MOHAMMED SIDDIQUI | ) ) ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On August 30, 2023, *pro se* Plaintiff purported to file a Motion to Compel under Federal Rule of Civil Procedure 37(a)(2). (Doc. 148). In that Motion to Compel, Plaintiff indicates he has sent interrogatories and requests for production to Defendants "3 different times." However, Defendants have allegedly refused to answer those discovery requests. As such, Plaintiff requests an order compelling Defendants to answer those discovery requests. Plaintiff notes, if Defendants had responded to the discovery requests, then he "would have sufficient evidence to challenge the…motion[s] for summary judgment in this case," which were filed on June 5, 2023. (Docs. 136 & 138).

Each Defendant filed a Response to the Motion to Compel. (Docs. 149 & 150). Defendant Wills notes discovery closed on May 5, 2023, which was nearly four months before Plaintiff filed the Motion to Compel. (Docs. 97; 149, pg. 1). Defendant Wills also notes the requests for production attached to the Motion to Compel are incomplete and do not include a certificate of service. (Doc. 149, pg. 2). Defendant Wills states a "[r]eview

of the files reveal no discovery related to Plaintiff." (Doc. 149, pg. 1). Further, he is "not aware of any outstanding discovery and has not received any requests for production related to this case from Plaintiff." (Doc. 149, pg. 1). Indeed, Counsel for Defendant Wills indicates he has not been served with any discovery by Plaintiff. (Doc. 149, pg. 2).

Defendant Siddiqui, for his part, notes discovery was open between July 7, 2022, and May 5, 2023. (Doc. 150, pg. 1). During that time, Plaintiff did not serve any written discovery requests on Defendant Siddiqui. (Doc. 150, pg. 1). For the above reasons, Defendants Wills and Siddiqui request a denial of Plaintiff's Motion to Compel.

Here, Defendants are correct that discovery closed on May 5, 2023. (Doc. 97). One month later, on June 5, 2023, Defendants timely filed their Motions for Summary Judgment (Docs. 136 & 138), which remain pending. It is notable, too, that Plaintiff filed a Response to the Motions for Summary Judgment on June 12, 2023, which caused those Motions to ripen on that date. (Doc. 144). Interestingly, it was not until August 30, 2023, that Plaintiff filed the Motion to Compel, complaining of deficiencies in discovery.

In light of the above facts, the Court treats Plaintiff's Motion to Compel as a Motion to Reopen Discovery. Under similar circumstances—namely, where a plaintiff moved to reopen discovery approximately one month after its close and on the same day that the defendants moved for summary judgment—the Seventh Circuit stated as follows:

> A decision to deny reopening discovery is reviewed for abuse of discretion. *Winters v. Fru–Con, Inc.*, 498 F.3d 734, 743 (7th Cir. 2007). That discretion is considerable: case management depends on enforceable deadlines, and discovery "must have an end point." *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011). *See also Lock Realty Corp. IX v. U.S. Health, LP,* 707 F.3d 764, 772 (7th Cir. 2013). In managing their caseloads, district courts are entitled to—"indeed they must—enforce deadlines." *Raymond v. Ameritech*

> *Corp.,* 442 F.3d 600, 605 (7th Cir.2006) (internal citation and quotation marks omitted).
>
> Only if a party has failed to act "because of excusable neglect" do the Federal Rules permit a post-deadline extension. Fed. R. Civ. P. 6(b)(1)(B); *Brosted v. Unum Life Ins. Co. of Am.,* 421 F.3d 459, 463–64 (7th Cir. 2005). The reasons for the delay—including whether it was within the reasonable control of the movant—must be considered. *Raymond,* 442 F.3d at 606 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993)). Neglect is generally not excusable when a party should have acted before the deadline, *see Murphy v. Eddie Murphy Prods., Inc.,* 611 F.3d 322, 324 (7th Cir. 2010), or when a party's lack of diligence is to blame for its failure to secure discoverable information, *see Grayson v. O'Neill,* 308 F.3d 808, 816 (7th Cir. 2002).

*See Flint v. City of Belvidere*, 791 F.3d 764, 766, 768 (7th Cir. 2015); *see also Hargrave v. Ameristar Casino East Chicago, LLC*, No. 20-cv-221, 2022 WL 4958214, * 1 (Oct. 4, 2022) (discussing, *inter alia,* Federal Rule of Civil Procedure 6(b)(1) and the factors for determining excusable neglect, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was in the control of the movant, and the good or bad faith of the movant); *Paige v. City of Fort Wayne*, No. 9-cv-143, 2010 WL 2696338, *1 (N.D. Ind. July 2, 2010) (same); *Gravitt v. Mentor Worldwide LLC*, 342 F.R.D. 130, 133 (N.D. Ill. 2022) (noting the aforementioned factors for determining excusable neglect and stating, "The '[m]ost important' factor is 'the reason for the delay'; if the moving party fails to demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' she cannot establish excusable neglect regardless of how short the delay was or how little it prejudiced the opposing party.").

Here, Plaintiff has made no attempt to comply with the above authorities or to explain the oddity of the request at this stage. However, one possibility is that the discovery requests never made their way to Defendants. This would be unusual. Defendants deny receiving the discovery requests, and Defendant Wills is correct that neither the interrogatories nor the requests for production, attached to the Motion to Compel, include a certificate of service. (Doc. 148, pgs. 3-6). What is much more certain is that Plaintiff waited nearly three months after Defendants filed their Motion for Summary Judgment and over two months after he filed his Response to that Motion to complain of the supposed noncompliance. The record demonstrates Plaintiff's lack of diligence in bringing the alleged compliance to the Court's attention. For these reasons, the Motion to Compel is **DENIED without prejudice**. *See Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 891 (7th Cir. 2018) ("Where the failure to secure discovery is due to a party's own lack of diligence, the district court can[,] in its discretion[,] hold the party to the consequences of its choice and decide the summary judgment motion."); *Echemendia v. Gene B. Glick Mgmt. Corp.*, No. 7-cv-1902, 263 F. Appx. 479, 2008 WL 34144, **3 (7th Cir. Feb. 6, 2008) (concluding it was not an abuse of discretion to refuse the production of new documents, where, *inter alia*, the plaintiff, but for a lack of diligence, could have pursued the documents during discovery); *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996) (concluding it was not an abuse of discretion to decline to reopen discovery, where the discovery period was ample, the motion was made three months after the filing of the defendant's motion for summary judgment, and

a grant of the motion would have occasioned more discovery and a duplication of the expense of drafting and supporting the dispositive motions)

    **SO ORDERED.**

    Dated: September 21, 2023

s/ <em>David W. Dugan</em><br>
DAVID W. DUGAN<br>
United States District Judge