IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:21-cv-559-DWD |
| | ) |
| ANTHONY WILLS, Warden of Menard Correctional Center, and DR. MOHAMMED SIDDIQUI, | ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

On March 27, 2024, the Court granted Defendant Siddiqui's Motion for Summary Judgment. (Docs. 136, 137, 162). The Court also terminated, as moot, Defendant Wills' Motion for Summary Judgment and Plaintiff's Motion to Appoint Counsel and an Expert for Trial. (Docs. 138 & 162). Judgment was entered on that same date. (Doc. 163).

On April 2, 2024, Defendant Siddiqui filed a Bill of Costs, seeking $328.05 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. 167). The request was supported by an Invoice. (Doc. 167, pgs. 3-4).

Notice of the Bill of Costs was issued to Plaintiff on April 3, 2024. (Doc. 169). On April 15, 2024, Plaintiff filed an Objection to the Bill of Costs, stating "[i]t is absurd and wrong because plaintiff was and still is being neglected for my injury [and] I have been seeking medical treatment…till this day to no avail." (Doc. 171). Plaintiff further states he does not have the funds to pay the costs requested by Defendant Siddiqui. (Doc. 171).

Now, Federal Rule of Civil Procedure 54(d)(1) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The costs may properly include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920.

Rule 54(d)(1) provides a "strong presumption" that the losing party will pay costs, but it also affords the Court discretion to direct otherwise. *Rivera v. City of Chic.*, 469 F.3d 631, 634, 636 (7th Cir. 2006); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997) ("District courts have broad discretion in determining whether and to what extent prevailing parties may be awarded costs."). However, the "strong presumption" in favor of the losing party paying costs is difficult to overcome, meaning "the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945; *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) ("[U]nless and until the losing party affirmatively shows that the prevailing party is not entitled to costs, the district court must award them, 'as of course.' "). It is only misconduct by the prevailing party, worthy of a penalty, or the losing

party's inability to pay, that will justify a denial of costs. *Weeks*, 126 F.3d at 945; *accord Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003).

Here, Plaintiff is claiming an inability to pay the costs requested by Defendant Siddiqui. (Doc. 171). However, he has in no way attempted to prove an inability to pay the costs, such as by providing a Financial Affidavit and/or statement from his Menard Correctional Center Trust Fund. Although Plaintiff submitted such documentation in support of a Motion to Appeal *In Forma Pauperis*—indicating his only income over the last year was a $100 gift, he has no other income or employment, and his Menard Correctional Center Trust fund has a total balance of only $5.40—that Motion was denied because Plaintiff did not provide a necessary certification of an authorized institutional officer. *See* Form Affidavit to Accompany Motion for Leave to Appeal *Informa Pauperis*. That certification is meant to assure the Court that an inmate has the sum alleged in his or her account. *See id*. Therefore, the Court could not find Plaintiff was indigent. Plaintiff now has the same issue with respect to his Objection to the Bill of Costs. The Court cannot definitively ascertain whether he is capable, now or over time, of paying the costs. *See McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994) (holding district court did not abuse its discretion by imposing costs against a prisoner, where, *inter alia*, "the rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike," the prisoner's proof of indigence was untimely, the district court could have awarded costs against the prisoner even if the proof of indigence was timely, the Seventh Circuit was not convinced the

prisoner could never pay the costs, and the Seventh Circuit was "unwilling to adopt a *per se* rule that indigency alone overcomes the presumption" to costs under Rule 54(d)).

Accordingly, the costs are recoverable under § 1920 and are reasonable. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (stating the Court inquires of the recoverability and reasonableness of the costs). The Court notes the costs sought are expressly allowed by § 1920 and are supported by an Invoice. *See id.* ("If there is statutory authority for taxing a specific cost, '[the Seventh Circuit] will not overturn a district court's decision that the cost was necessary to the litigation or its determination of what amount is reasonable absent a showing of clear abuse of discretion.' "). Further, Defendant Siddiqui used an acceptable standard Bill of Costs form, which includes a Declaration under penalty of perjury that "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." *See* 28 U.S.C. § 1924 ("Before any bill of costs is taxed, the party claiming any item of cost…shall attach thereto an affidavit…that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). Based upon the Declaration and Invoice, the Court **FINDS** Defendant Siddiqui proved the costs.

As such, the Objection to the Bill of Costs is **OVERRULED**. The Clerk of the Court is **DIRECTED** to tax the $328.05 in costs against Plaintiff and for Defendant Siddiqui.

**SO ORDERED.**

Dated: May 2, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

4